# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SHANNA GENESE WARREN<br><br>v.<br><br>COMMISSIONER, SSA | §<br>§  Civil Action No.  4:19-CV-302<br>§  (Judge Mazzant/Judge Nowak)<br>§<br>§<br>§ |

## MEMORANDUM REJECTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the United States Magistrate Judge report, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636.  On September 4, 2020, the report of the Magistrate Judge (Dkt. #15) was entered containing proposed findings of fact and recommendations that the final decision of the Commissioner of Social Security Administration be affirmed.

Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #16), Commissioner's Response (Dkt. # 17), and having conducted a de novo review, the Court is of the opinion that the case should be remanded.

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).  The underlying disability decision is reviewed "to determine whether it is supported by substantial evidence on the record as a whole and whether the [Commissioner] applied the proper legal standard."  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

Plaintiff objects with two primary arguments.  First, the ALJ did not explain the decision excluding manipulative limitations in Plaintiff's residual functional capacity (RFC) determination

and the Commissioner cannot later fill in any perceived gaps in reasoning (Dkt. #16 at pp. 1-3). Second, the ALJ explicitly held the State Agency Medical Consultants to be "unpersuasive"—indicating a complete rejection of their testimony—and thus cannot pick and choose the parts of their opinion to rely on (Dkt. #16 at pp. 1-4). Essentially, the Plaintiff argues that the ALJ's decision must stand on its own and, on its own, it is insufficient.

In response, the Commissioner emphasizes deference and that the ALJ did not outright reject the State Agency Medical Consultants (Dkt. #17 at pp. 1-2).

## ANALYSIS

The Court first addresses whether it was proper for the ALJ to exclude manipulative limitations from the Plaintiff's RFC determination, and then addresses whether the denial of disability benefits was proper.

### I. It Was Error To Exclude Manipulative Limitations From Plaintiff's RFC Determination.

The ALJ determined that Plaintiff had a myriad of limitations but did not include any limitations on handling and fingering (TR 18-19). Plaintiff's ailments, including her right-handed weakness, were documented in a long medical record (Dkt. #15, pp. at 2-7). This record included assessments from state agency medical consultants (Dkt. #15, pp. at 6-7). In explaining its RFC determination, the ALJ's decision gave the state agency medical consultants' assessments "little weight" because they were "not consistent with the medical evidence of record as a whole," and specified that the consultants failed to address Plaintiff's "photosensitivity and hearing loss" (TR 23). Consequently, the ALJ found their opinions "unpersuasive" (TR 23). In its brief analysis, the ALJ's decision does not make any specific findings about handling or fingering limitations, despite the evidence indicating such a limitation (TR 23).

In their objections, the parties disagree about the meaning behind the "unpersuasive" assessments (Dkt. #15 p. at 12). Plaintiff argues the ALJ gave the opinion no weight; the Commissioner argues the ALJ gave it some weight.

By giving the consultants' opinions "little weight" because they were "not consistent" with the rest of the medical record and thus deeming them "unpersuasive," the ALJ indicated that their testimony was not relied on in reaching his decision. In a judicial opinion, the word "unpersuasive" generally constitutes a complete rejection of the position or argument advanced. *See, e.g.*, *Domain Prot., LLC v. Sea Wasp, LLC*, 2020 WL 4583464, at *3 (E.D. Tex. Aug. 10, 2020) ("The Court already considered Domain Protection's arguments and found them unpersuasive. Domain Protection's request is, again, denied."). The ALJ pointed out a perceived defection with the consultants' assessments (failing to include evidence of photosensitivity and hearing loss) to explain why they were given "little weight." Once dismissed as unpersuasive, they were given little weight—none.

The Commissioner is correct, of course, that ALJs are not required to assign equal weight to each medical opinion. *See, e.g.*, *Taylor v. Astrue*, 706 F.3d 600 (5th Cir. 2012). But if an ALJ rejects an opinion, the Court cannot pick and choose parts of that opinion to accept. *See Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]"). The Court must review agency actions "limited to the grounds that the agency invoked when it took the action." *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1907 (2020).

Here, the ALJ's decision found the consultants' testimony "unpersuasive" and gave no indication of reliance (TR. 23). The Commissioner attempts to bolster the ALJ's RFC determination by pointing to selective parts of the "unpersuasive" consultants' opinions, as well

as medical records not discussed in the decision (Comm'r Br. at pp. 3-5, 6-7). These are post hoc rationalizations that go beyond the grounds the ALJ invoked in the decision. *See Newton*, 209 F.3d at 455; *Stancle v. Colvin*, 2016 WL 3172784, at *11, *12 (E.D. Tex. June 7, 2016) (stating that court cannot rely on post hoc rationalizations of the determination as the ALJ must provide their reasoning). Because the Court cannot read between the lines of the ALJ's decision in this manner, the Commissioner's argument is unpersuasive. It was therefore improper for the Magistrate Judge to adopt the Commissioner's argument that the ALJ did not "completely reject the RFC opinions of the [state agency medical consultants]" when this was unsupported in the text of the ALJ's decision. (Dkt. #15 at p. 12). The ALJ's decision must stand on its own. *See Newton*, 209 F.3d at 455.

Accordingly, the Court must examine whether the ALJ's decision, on its own, supports its RFC determination. "To be legally sufficient, an ALJ's RFC must account for all of a claimant's limitations resulting from his impairments." *Trobaugh v. Comm'r, Soc. Sec. Admin.*, 2018 WL 1367882, at *6 (E.D. Tex. Mar. 16, 2018). This does not require documenting each and every piece of medical evidence, but "[t]he ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).

Plaintiff's right-handed weakness has been well-documented throughout her long medical journey (Dkt. #15 pp. at 2-7). The ALJ's decision acknowledges this record:

- "Motor exam revealed . . . mild drift on right arm/leg. Sensory exam revealed subjective decreased right arm/leg without extinction." (TR 20);
- "Dr. Anbarasu assessed the claimant with . . . weakness of right side of body . . ."(TR 20);
- "When Dr. Verma saw the claimant on February 7, 2017, he noted the claimant has [been] having difficulty with holding a cup or television remote in her right hand." (TR 20);

4

- "There was evidence of subtle right pronator drift and decreased fine motor control on the right with increased tone and reflexes (spasticity). She has abnormal sensation on the right[.]" (TR 20).

Plaintiff testified that she "has pain in the right side of her body as well as her hands, feet, and legs" (TR23). Even the Commissioner acknowledges Plaintiff's manipulative limitation: "It is clear that the intracranial hemorrhage Warren suffered in November 2016 caused decreased fine and gross motor coordination and reduced grip strength in Warren's right upper extremity."[1] (Comm'r Br. at p. 6). Yet the ALJ's decision does not address Plaintiff's right-handed weakness.

The ALJ acted within his discretion by finding the consultants' testimony unpersuasive, but this does not explain why the Plaintiff's RFC excludes manipulative limitations. Because the ALJ's RFC does not account for all the Plaintiff's limitations resulting from her impairments, it is not supported by substantial evidence. It was therefore error to exclude the manipulative limitations from Plaintiff's RFC determination.

Upon remand, the ALJ should reconsider Plaintiff's RFC determination in light of all of the Plaintiff's limitations and seek additional medical evidence, if necessary.

## CONCLUSION

After a thorough review of the record, the Court finds that a long list of documentation supports a determination that Plaintiff has manipulation limitations. The ALJ did not include this limitation in the Plaintiff's RFC, or otherwise justify the exclusion. Thus, substantial evidence does not support the ALJ's decision.

---

[1] The Commissioner then attempts to minimize Plaintiff's limitations by citing medical records outside the ALJ's decision to justify the ALJ's exclusion of these limitations in the RFC. As discussed above, the ALJ's decision must stand or fall on the reasons set forth in the ALJ's decision.

It is therefore **ORDERED** that the case is **REMANDED** for further review consistent with this opinion pursuant to Sentence Four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.

**SIGNED this 1st day of October, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE